IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA     :     CRIMINAL ACTION
               :
     v.            :
               :
THOMAS HOFFNER, JR.     :     NO. 00-456-02

<u>MEMORANDUM</u>

Bartle, J.                        November 21, 2005

Before the court is the timely motion of Thomas Hoffner, Jr. ("Hoffner, Jr.") under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

I.

Hoffner, Jr., along with ten others, was charged on August 9, 2000 in a 21-count indictment with conspiring to distribute methamphetamine and related offenses. On January 11, 2002, he was convicted on Count One, which charged conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. He was also found guilty on Counts Two, Three, Five, Six, and Seven, which charged distribution of 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and on Counts Thirteen, Fourteen, Fifteen, Sixteen and Twenty, which charged use of a communication facility to commit a drug offense, in violation of 21 U.S.C. § 843(b).

He was sentenced to 240 months imprisonment, followed by 5 years of supervised release. The Court of Appeals affirmed his conviction and sentence on April 29, 2004. <u>United States v.</u>

<u>Hoffner, Jr.</u>, 96 Fed. App. 85 (3d Cir. 2004).  On April 25, 2005, Hoffner, Jr. filed his current motion under § 2255.  He filed a "Rebuttal to Government's Response" on June 22, 2005 which we deem a motion to amend his § 2255 motion.  He also filed a "Motion to Allow Supplement to Petitioner's 28 U.S.C. § 2255" motion on October 19, 2005, which we deem a second motion to amend.

II.

We first turn to the grounds for relief asserted in Hoffner, Jr.'s original § 2255 motion.  Several of these claims attack our calculation of his sentence under the Sentencing Guidelines.  Such claims are generally not cognizable on collateral attack since they are not constitutional or jurisdictional in nature, and do not otherwise attack "a fundamental defect which inherently results in a complete miscarriage of justice."  <u>Hill v. United States</u>, 368 U.S. 424, 428 (1962); <u>Scott v. United States</u>, 997 F.3d 340, 341-43 (7th Cir. 1993).  We do not view the sentencing calculation issues here as ones properly before us on a § 2255 motion.  Nonetheless, even if they are, we find them to be without merit.

Hoffner, Jr. first argues that although both he and co-defendant Mark Louis Katzin fled while awaiting trial, he was given a 2-point offense level enhancement for obstruction of justice under § 3C1.1 of the Sentencing Guidelines while Katzin was given no such enhancement.  These are not the actual facts.  Katzin likewise received a 2-point enhancement for obstruction of

-2-

justice.  Although Katzin received a Total Offense Level that was
2-points lower than that of Hoffner, Jr., it was not because he
was treated preferentially with respect to the obstruction of
justice.

He next asserts that we improperly considered him a
Career Offender under the Sentencing Guidelines.  It provides:

Career Offender

A defendant is a career offender if (1)
the defendant was at least eighteen years old
at the time defendant committed the instant
offense of conviction, (2) the instant
offense of conviction is a felony that is
either a crime of violence or a controlled
substance offense, and (3) the defendant has
at least two prior <u>felony</u> convictions of
either a crime of violence or a controlled
substance offense. ...

U.S. Sentencing Guidelines Manual § 4B1.1(a) (emphasis added).
Hoffner, Jr. asserts that we improperly considered his 1985 state
conviction for the misdemeanor of simple assault as a felony in
determining that he was a Career Offender.  He does not contest
our finding that it was a crime of violence.

At his sentencing, the government and his defense
counsel vigorously debated this issue.  We acknowledge that under
Pennsylvania law his conviction is not classified as a felony.
18 PA. CONS. STAT. ANN. § 2701(b).  However, under the Sentencing
Guidelines it qualifies as a felony.  The Guidelines provide that
"[p]rior felony conviction" means a prior adult federal or state
conviction for an offense punishable by death or imprisonment for
a term exceeding one year, regardless of whether such offense is

-3-

specifically designated as a felony ...."  U.S. Sentencing Guidelines Manual § 4B1.2 n.1.  Under Pennsylvania law, a conviction for simple assault is punishable by a term of imprisonment that may exceed one year.  18 Pa. Cons. Stat. Ann. §§ 2701(b); 106(b)(7).  As a result of this and the rest of his criminal history, Hoffner, Jr. was a Career Offender. Nonetheless, we found that the applicable Guideline Offense Level and Criminal History Category overstated the seriousness of his criminal history.  His Career Offender status would have required that he receive an Offense Level of 37, with a Criminal History Category of VI.  We departed downward and gave him an Offense Level of 34, with a Criminal History Category of IV.

Hoffner, Jr. also challenges the number of criminal history points we attributed to him on account of the simple assault.  He maintains that his Criminal History Category should be III instead of IV.  The Guidelines provide:

Criminal History Category

The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.
(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).
(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.
...

U.S. Sentencing Guidelines Manual § 4A1.1(a), (b), (c).  It
continues:

> Any prior sentence of imprisonment
> exceeding one year and one month that was
> imposed within fifteen years of the
> defendant's commencement of the instant
> offense is counted.  Also count any prior
> sentence of imprisonment exceeding one year
> and one month, whenever imposed, that
> resulted in the defendant being incarcerated
> during any part of such fifteen year period.

Id. § 4A1.2(e)(1).  It further provides that:

> In the case of a prior revocation of
> probation, parole, supervised release,
> special parole, or mandatory release, add the
> original term of imprisonment to any term of
> imprisonment imposed upon revocation.  The
> resulting total is used to compute the
> criminal history points for
> §4A1.1(a),(b), or (c), as applicable.

Id. § 4A1.2(k)(1).

In 1985, Hoffner, Jr. received a two-year probationary
sentence for a simple assault.  In 1988, he was found to be in
violation of his probation and was resentenced to a term of
imprisonment of one to two years.  That sentence exceeded one
year and one month and was imposed within fifteen years of the
commencement of the conspiracy in the instant case, which began
in 1998.  The Sentencing Table in Chapter Five, Part A states
that between four and six criminal history points places a
defendant into Offense Level III, and between seven and nine
criminal history points places a defendant into Offense Level IV.
We determined that he had nine criminal history points based upon
five convictions on his record.  Three of those points were

calculated based upon his state sentence for the violation of his probation on the simple assault conviction.  Therefore, it was appropriate for a total of nine criminal history points to be attributed to Hoffner, Jr.

III.

Hoffner, Jr. next argues that the court imposed an unconstitutionally enhanced sentence based upon our finding that he obstructed justice and that 990 grams of methamphetamine were attributable to him.  He relies upon United States v. Booker, __ U.S. __, 125 S. Ct. 738 (2005).  In Booker, the Supreme Court "held that mandatory enhancement of a sentence under the Guidelines, based on facts found by the court alone, violates the Sixth Amendment."  United States v. Davis, 407 F.3d 162, 163 (3d Cir. 2005) (citing Booker, 125 S. Ct. at 756).  "To remedy this constitutional infirmity, the Court excised that provision of the statue making application of the Guidelines mandatory."  Id. (citing Booker, 125 S. Ct. at 764).  In addition to the Guidelines, which are now advisory, the court must consider the factors set forth in 18 U.S.C. § 3553(a) in fashioning a sentence which is "sufficient, but not greater than necessary."  18 U.S.C. 3553(a); Booker, 125 S. Ct. at 767.

Hoffner, Jr.'s judgment of conviction became final in July, 2004, when the time for seeking certiorari review expired. Kapral v. United States, 166 F.3d 565, 570 (3d Cir. 1999).  Our Court of Appeals has held that the rule announced in Booker "does not apply retroactively to initial motions under § 2255 where the

judgment was final as of January 12, 2005, the date <u>Booker</u> issued." <u>Lloyd v. United States</u>, 407 F.3d 608, 616 (3d Cir. 2005).  Thus, the court did not err in its use of the mandatory Guideline procedure as it existed at the time it sentenced Hoffner, Jr.  He argues that nonetheless we failed to comprehend our pre-<u>Booker</u> statutory sentencing discretion under 18 U.S.C. § 3553(a) and (b).  We disagree.  The court entered what it deemed to be the correct and proper sentence under the Sentencing Guidelines as they then existed and would not have entered a different sentence under any statutory discretion we had at that time.

IV.

Hoffner, Jr. also maintains that a government witness at his trial, Agent Kenneth Bellis, testified falsely at an earlier trial of Hoffner, Jr.'s father and brother concerning the number of times he had previously testified as an expert on "drug jargon."  He argues that had this court known at his trial about this false testimony there is a reasonable probability we would not have allowed him to testify as an expert witness.  He also urges that had Bellis' testimony been disallowed or had his lack of credentials been revealed by the prosecution there is a reasonable probability that the jury would have reached a different verdict.  <u>See</u> <u>Napue v. Illinois</u>, 360 U.S. 264, 271 (1959).

It is well settled that the Government may not use false or perjured testimony that bears upon the reliability and

credibility of a witness to obtain a conviction.  <u>Giglio v.</u>
<u>United States</u>, 405 U.S. 150, 154 (1972); <u>Napue</u>, 360 U.S. 264;
<u>Mooney v. Holohan</u>, 294 U.S. 103 (1935); <u>see also</u> <u>Lambert v.</u>
<u>Blackwell</u>, 387 F.3d 210, 242 (3d Cir. 2004).  If "the false
testimony could ... in any reasonable likelihood have affected
the judgment of the jury" a new trial is required.  <u>Napue</u>, 360
U.S. at 271.

  We discussed this same issue relating to the testimony
of Agent Bellis in connection with a decision in the case of
Hoffner, Jr.'s father and brother in <u>United States v. Hoffner,</u>
<u>Sr.,</u> Nos. 00-456-1-10 (E.D. Pa.) (Mem. and Order dated Nov. 16,
2005).  For the reasons discussed in our Memorandum in that
matter we do not find any contradictions or errors in Agent
Bellis' testimony that rise to the level of false or perjured
testimony.  Because of Agent Bellis' extensive experience in
narcotics investigations, we would have qualified him as an
expert on "drug jargon" in Hoffner, Jr.'s trial.  Moreover,
regardless of how many times Agent Bellis had testified
previously about "drug jargon" or the existence of
inconsistencies or mistakes about the number of times he had
previously testified as an expert there is not a reasonable
likelihood that the jury would have disregarded his substantive
testimony and found Hoffner, Jr. not guilty.  <u>Napue</u>, 360 U.S. at
271.  The evidence against him was overwhelming.

V.

Next, Hoffner, Jr. asserts that he was not afforded the effective assistance of counsel.  In order to establish a claim of ineffective assistance of counsel a movant must prove that: (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).

He first contends that his counsel at sentencing did not object to his Criminal History Category of IV.  This argument is without merit.  A review of the sentencing transcript reveals that his counsel did object to the use of the sentence imposed upon Hoffner, Jr. for violating his simple assault probation in calculating his criminal history points.  In any event, our calculation of his Criminal History Category was correct.

Hoffner next argues that a line of Supreme Court cases preceding Booker foreshadowed its ruling and suggested one of his sentence enhancements was unconstitutional.  He asserts that his counsel at sentencing should have objected to our finding that 990 grams of methamphetamine were attributable to him because this amount was not found by the jury.  We have dealt with a similar argument in the case of his father and brother, and for the reasons discussed in that case we find no merit to this argument.  United States v. Hoffner, Sr., Nos. 00-456-1-10 (E.D. Pa.) (Mem. and Order dated Nov. 16, 2005).

-9-

He also contends that his appellate counsel failed to raise four requested issues on direct appeal:  (1) a challenge to our finding on the amount of methamphetamine attributable to him; (2) a challenge to our finding that he had more than a minimal role in the conspiracy; (3) a challenge to our determination of his Criminal History Category of IV; and (4) a challenge to his two-point enhancement for obstruction of justice.  Counsel is not ineffective simply for failing to raise on appeal every matter that a client wishes.  Sistrunk v. Vaughn, 96 F.3d 666, 670 (3d Cir. 1996).  Strickland requires that a defendant be prejudiced by the failure to raise certain arguments.  466 U.S. at 687.   We have already explained the appropriateness of our decisions regarding drug quantity, his criminal history, and the enhancement for obstruction of justice.  Moreover, the evidence of Hoffner, Jr.'s more than minimal role in the conspiracy was overwhelming.  There can be no prejudice when an attorney chooses not to pursue meritless arguments.  See United States v. Sanders, 165 F.3d 248, 253 (3d Cir. 1999).

VI.

In his "Rebuttal to Government's Response," filed on June 22, 2005, Hoffner, Jr. raises, for the first time, additional reasons why his counsel were ineffective.  We will construe his rebuttal as a motion to amend his § 2255 motion. Rule 15 of the Federal Rules of Civil Procedure applies to amendments to § 2255 motions.  United States v. Duffus, 174 F.3d 333, 336 (3d Cir. 1999).  Under Rule 15(a), after the Government

-10-

has responded, a movant may amend his § 2255 motion "only by leave of court" and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Although he attempts to assert claims not raised in his initial § 2255 motion, we will allow these amendments because they were filed within one year from the date on which his judgment of conviction became final. 28 U.S.C. § 2255.

Hoffner, Jr. asserts that his counsel at sentencing neglected to mention his history of drug abuse and to request a downward departure for diminished capacity under § 5K2.13 of the Guidelines. A review of the sentencing transcript reveals that his counsel did inform us of Hoffner, Jr.'s history of drug abuse and dependence. However, Hoffner, Jr. would not be entitled to a downward departure for diminished capacity because that section is not applicable if "(1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants...." U.S. Sentencing Guidelines Manual § 5K2.13.

He also claims that, after the Court of Appeals affirmed his conviction and sentence, he requested that his counsel file a Petition for Rehearing En Banc and a Writ of Certiorari but that his counsel did not do so. Attached to his motion is a letter from his attorney dated April 29, 2004, informing him of these options. There is no documentation, however, of Hoffner, Jr.'s request. Nonetheless, he insists that he contacted his attorney by telephone and that his requests were recorded. Assuming he did request that these petitions be filed,

we find no <u>Strickland</u> violation because Hoffner, Jr.'s claims
were without merit.  <u>See</u> 466 U.S. at 687; <u>Sanders</u>, 165 F.3d at
253.  As such, he suffered no prejudice.

VII.

We deem Hoffner, Jr.'s "Motion to Allow Supplement to
Petitioner's 28 U.S.C. § 2255" motion, filed on October 19, 2005,
as a second motion to amend.  His judgment of conviction became
final in July, 2004.  <u>See</u> <u>Kapral</u>, 166 F.3d at 570.  Unlike his
rebuttal, this motion to amend was not filed until after the one-
year limitations period for filing such motions had expired.  28
U.S.C. § 2255.  Thus, any new claims advanced by Hoffner, Jr. are
barred unless they can be deemed timely under the "relation back"
provision of Rule 15(c) of the Federal Rules of Civil Procedure.
<u>Mayle v. Felix</u>, 125 S. Ct. 2562, 2572 (2005).  Rule 15(c)
provides:  "[a]n amendment of a [motion] relates back to the date
of the original pleading when ... the claim or defense asserted
in the amended pleading arose out of the conduct, transaction, or
occurrence set forth ... in the original pleading ...."

In <u>Mayle</u>, the Supreme Court dealt with the issue of
relation back under Rule 15(c) in the context of a § 2254
petition.  We see no reason why its analysis does not apply
equally in the present context.  There defendant, a state
prisoner, filed a timely § 2254 petition asserting that he had
been denied his right of confrontation under the Sixth Amendment
when the videotaped statements of a prosecution witness were
introduced at trial.  After the passage of the limitations

-12-

period, he sought to amend his petition to include a claim
alleging that during the course of his pretrial interrogation the
police used coercive tactics to obtain incriminating statements
from him and that the admission of those statements at trial
violated his rights under the Fifth Amendment.  The Supreme Court
held that the defendant's Fifth Amendment claim would not relate
back to his original petition because his pretrial statements
were separated in time and type from his Sixth Amendment claim
concerning the videotaped statements of the witness used at
trial.  Mayle, 125 S. Ct. at 2571, 2575.  The Court explained
that under such circumstances, the later claim did not arise out
of "the conduct, transaction, or occurrence" set forth in the
original § 2254 petition.  Simply because a late claim arose out
of the same underlying conviction as an earlier claim is not
sufficient.

        Hoffner, Jr. requests leave to amend his § 2255 motion
to include claims identical to those raised by his father and
brother in their amended § 2255 motions.  As will become evident
in our discussion below, these claims relate directly to the
testimony and impeachment of Agent Bellis at Hoffner, Jr.'s
January, 2002 trial.  This issue was raised in his initial § 2255
motion.  Accordingly, we will grant the motion of Hoffner, Jr. to
amend his § 2255 motion.

        During our consideration of the § 2255 motions of his
father and brother we held oral argument and ordered the
Government to produce transcripts of any prior testimony of Agent

-13-

Bellis in which he was qualified as an expert on "drug jargon."
The Government produced transcripts from two trials which had
occurred prior to the trial of Hoffner, Jr.  The first was United
States v. Massey, Nos. 97-539-2-4 (E.D. Pa.), which took place
before the undersigned in April, 1998 and the second was United
States v. Hanton, No. 97-373-6 (E.D. Pa.), which took place
before my colleague Judge Ronald L. Buckwalter in July, 1998.

Hoffner, Jr. asserts in his amended § 2255 motion that
the Government's failure to produce the Massey and Hanton
transcripts at the time of his January, 2002, trial violated the
rules announced in Brady v. Maryland, 373 U.S. 83 (1963) and
Giglio v. United States, 405 U.S. 150 (1972).  Under Brady, the
Government must provide a defendant with evidence favorable to
him when it is material to his guilt or punishment.  373 U.S. at
87.  Under Giglio, when the reliability of a witness may be
determinative of a defendant's guilt or innocence, the Government
must produce evidence affecting the witness' credibility.  405
U.S. at 154.

He also maintains that disclosure of the Massey and
Hanton transcripts at his trial would have demonstrated that
Agent Bellis had only been qualified as an expert twice despite
his testifying at Hoffner, Jr.'s trial to having been qualified
on three occasions.  He also contends that the transcripts would
have undermined Agent Bellis' ability to decipher "drug jargon"
in his case since he is Caucasian and the drug involved was

-14-

methamphetamine while Massey and Hanton involved African-American
defendants and cocaine and marijuana.

To make out a Brady or Giglio violation, Hoffner, Jr.
must show that the withheld evidence was material to a
determination of his guilt or innocence. Lambert, 387 F.3d at
252. Evidence is material if there is a "'reasonable probability
that, had the evidence been disclosed to the defense, the result
of the proceeding would have been different.'" Id. at 253
(quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). For
the same reasons as we discussed in the case of his father and
brother, Hoffner, Jr. cannot meet this burden. United States v.
Hoffner, Sr., Nos. 00-456-1-10 (E.D. Pa.) (Mem. and Order dated
Nov. 16, 2005). In light of Agent Bellis' extensive experience
in investigations dealing with various types of narcotics, we
would have qualified him as an expert witness on "drug jargon" at
Hoffner, Jr.'s trial regardless of how many times he previously
testified as an expert. For the same reason, the argument that
the jury would have disregarded Agent Bellis' substantive
testimony on the methamphetamine "drug jargon" of Hoffner, Jr., a
Caucasian, simply because the cases in which he previously
testified as an expert involved African-American defendants using
cocaine and marijuana is without merit.

Hoffner, Jr. also argues that:  (1) the Government
violated the Jencks Act, 18 U.S.C. § 3500, and his right of
confrontation under the Sixth Amendment, by failing to disclose
the Massey and Hanton transcripts at his trial; and (2) his trial

-15-

counsel was ineffective for failing to request the production of
the Massey and Hanton transcripts in accordance with the Jencks
Act and the Brady and Giglio doctrines after Agent Bellis stated
that he had been previously qualified as an expert on "drug
jargon."  We discussed these claims in detail in our Memorandum
in the case involving his father and brother and for the reasons
set forth therein we find that even if such violations had
occurred they would not have affected the outcome of the trial.
United States v. Hoffner, Sr., Nos. 00-456-1-10 (E.D. Pa.) (Mem.
and Order dated Nov. 16, 2005).

VIII.

Accordingly, we will deny the motion of Thomas Hoffner,
Jr., as amended, to vacate, set aside, or correct his sentence
under 28 U.S.C. § 2255.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :          CRIMINAL ACTION
                                  :
          v.                      :
                                  :
THOMAS HOFFNER, JR.               :          NO. 00-456-02

ORDER

        AND NOW, this 21st day of November, 2005, for the
reasons set forth in the accompanying Memorandum, it is hereby
ORDERED that:

        (1)  the "Rebuttal to Government's Response" of Thomas
Hoffner, Jr., filed on June 22, 2005 and the "Motion to Allow
Supplement to Petitioner's 28 U.S.C. § 2255" of Thomas Hoffner,
Jr., filed on October 19, 2005, both of which we deem as motions
to amend his motion under 28 U.S.C. § 2255, are GRANTED;

        (2)  the motion of Thomas Hoffner, Jr. under 28 U.S.C.
§ 2255 to vacate, set aside, or correct sentence is DENIED; and

        (3)  no certificate of appealability is issued.

                              BY THE COURT:


                              /s/ Harvey Bartle III
                                                        J.