IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| THOMAS HOFFNER, JR. | : | NO. 00-456-2 |

MEMORANDUM

Bartle, J.                                                                                       June 6, 2022

　　　　Before the court is the pro se motion of Thomas Hoffner, Jr. for early termination of his supervised release pursuant to 18 U.S.C. § 3583(e)(1).

　　　　On January 11, 2002, a jury convicted Hoffner of one count of conspiracy to distribute in excess of 500 grams of methamphetamine (21 U.S.C. § 846); five counts of distribution of methamphetamine (21 U.S.C. § 841(a)(1)); and five counts of use of a communication facility in furtherance of a drug offense (21 U.S.C. § 843(b)).  On May 30, 2002, the court sentenced him to 240 months imprisonment to be followed by a five-year term of supervised release.  The Court of Appeals affirmed his conviction and sentence on April 29, 2004.  United States v. Hoffner, 96 Fed. App'x 85 (3d Cir. 2004).

　　　　Hoffner has completed his term of imprisonment.  He has been on supervised release since October 2018 and has served approximately 43 months of his 60-month term.  He has paid in full a special assessment of $1200.

Section 3583(e) provides:

The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)--

> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The relevant factors are:

(1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense.

United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020) (citing 18 U.S.C. § 3553(a)(1), (2)(B)-(D), (4)-(7)).

A term of supervised release is almost always a component of any sentence where imprisonment is imposed.  See 18 U.S.C. § 3583; U.S. Sentencing Guidelines § 5D.1.1.  In contrast to imprisonment, "the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them."  United States v. Murray, 692 F.3d 273, 280 (3d Cir. 2012) (quoting United States v. Albertson, 645 F.3d 191, 197 (3d Cir. 2011)).  Supervised release is designed to fulfill "rehabilitative ends, distinct from those served by incarceration."  United States v. Johnson, 529 U.S. 53, 59 (2000).  Accordingly, when considering a modification or termination of supervised release, the court does not consider the sentencing factors outlined in § 3553(a)(2)(A): "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense."  See § 3583(e)(1).

Our Court of Appeals has made clear that the district court does not need to find "an exceptional, extraordinary, new, or unforeseen circumstance" in order to modify or terminate a person's supervised release.  Melvin, 978 F.3d at 53.  While the court must consider the factors found in § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), it need not make specific findings as to each.  Id. at 52-53.

Hoffner, now 58 years old, has successfully completed drug treatment programs while in prison and thereafter. While on supervised release, he has regularly submitted urine specimens and has always tested negative. He obtained a commercial drivers license in June 2021, has been a member of the Laborers' International Union of North America Local Union 57 since January 2019 in the heavy highways division, and has had steady employment as a truck driver. He has been happily married since August 2019. His probation officer reports that his conduct has been exemplary. Moreover, he has accepted full responsibility for his past conduct and has become a person of faith.

The Government concedes that Hoffner has complied with the terms of his supervised release and does not dispute his recitation of what he has accomplished. Although the Government acknowledges that his conduct on supervised release has been commendable, it opposes his motion on the ground that "mere compliance with the terms of supervision is not an adequate basis for early termination of that supervision."

The court finds that at his age his criminal life is behind him and that he has become a law abiding and productive member of society. After considering the various relevant factors under § 3583(e), the court is satisfied that the termination of his supervised release 17 months early is

warranted and that it is in the interest of justice to do so. No useful purpose would be served by continued supervised release.  It is a happy occasion, albeit all too infrequent, when a person who has served a long prison sentence has a transformation as has occurred with Thomas Hoffner, Jr.

Accordingly, the motion of Thomas Hoffner, Jr. for early termination of his supervised release will be granted.